IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE BELL, | ) | |
| ID # 16018258, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:16-CV-3415-L-BH |
| | ) | |
| DALLAS COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED** with prejudice.

**I. BACKGROUND**

On December 13, 2016, Willie Bell (Plaintiff) filed this civil rights action under 42 U.S.C. § 1983 against the Dallas County Sheriff's Department and the Dallas County Sheriff, the head of the jail law library, and a library officer, in their official capacities only. (*See* doc. 3 at 2-3; doc. 7 at 1-4.)[2] He claims that while he was a pretrial detainee in the Dallas County Jail in September 2016, he sent inmate request forms to the jail law library for information on voting in the November 2016 election and for voter registration material. (*See* doc. 3 at 4, 6-7.) He went to the law library and received voter registration information. (*Id.* at 6.) A sign in the library instructed inmates to receive ballots or voting information from the library staff, but the library officer told Plaintiff that "they" had not been given information about inmate voting, and that he was not aware of the voting procedures for inmates who were eligible to vote. (*Id.*) Plaintiff made weekly written and verbal

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case was automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

requests to the library officer in September and October, to no avail. (*Id.*) He also made several inquiries to guards, who told him that they were not aware of how to vote, but assured him that the law library handled it. (*Id.*)

On November 1, 2016, Plaintiff filed a grievance to obtain answers about early voting, but he did not receive a response. (*Id.*) He submitted verbal and written grievances on November 7, 2016, and requested that it be expedited to the Detention Services Manager, as outlined in the Inmate Handbook, but again did not receive a response. He submitted another written grievance on November 17, 2016, to the Executive Chief Deputy. (*Id.*)

Plaintiff contends that the Dallas County Jail System purposely did not make voting provisions and did not respond to grievances, the Sheriff was responsible for the jail and for upholding his voting rights, and the head of the law library was responsible for providing voter information. (doc. 7 at 2, 4-5.) The library officer allegedly refused to obtain an absentee ballot upon Plaintiff's request. (*Id.* at 3.) He claims that the failure to provide an absentee ballot deprived him of the right to vote, which caused him extensive mental anguish, and he seeks monetary and punitive damages. (*See* doc. 3 at 3, 5; doc. 7 at 1-4, 6.) No process has issued.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate who has been permitted to proceed *in forma pauperis*. As a prisoner, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

### A. Non-Jural Entity

Plaintiff initially named "Dallas County Sheriff's Department" as a defendant. After he was advised that it was a non-jural entity and given the opportunity to name another defendant, he named "Dallas County Jail System" as a defendant. (*See* doc. 7 at 4.)

A plaintiff may not bring a civil rights action against a servient political agency or department unless that agency or department enjoys a separate and distinct legal existence. *Darby v. Pasa-*

3

*dena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991).  In *Darby*, the Fifth Circuit held that "unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself." *Id.* at 313.  Neither the Dallas County Sheriff's Department, nor the Dallas County Jail System are jural entities subject to suit.  *See*, *e.g.*, *Edwards v. Dallas County Jail Med. Dep't*, No. 3:07-CV-0886-G, 2007 WL 2687615, at *2 (N.D. Tex. Sept. 13, 2007) (holding that the Dallas County jail is not a jural entity subject to suit); *Magnett v. Dallas County Sheriff's Dep't*, No. 3:96-CV-3191, 1998 WL 51355, at *1 (N.D. Tex. Jan. 20, 1998) (holding that the Dallas County Sheriff's Department is not a jural entity that can be sued).  The claims against these defendants should therefore be dismissed for failure to state a claim.

**B.** **Municipal Liability**

Plaintiff expressly sues the individual defendants under § 1983 in their official capacities only.  (*See* doc. 3 at 2-3; doc. 7 at 1-4.)[3]  His official capacity claims are essentially claims against their government employer, Dallas County, Texas (County).  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent); *Stiff v. Stinson*, No. 3:12-CV-4998-D, 2013

---

[3] Because Plaintiff expressly stated that he sues the individuals in their official capacities, it is not necessary to examine the course of proceedings to determine the capacity in which he sues them.  *See Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 402-03 (5th Cir. 2000) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities where the plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities) (citing *Graham*, 473 U.S. at 167 n. 14); *see also Harmon v. Dall. Cty.*, 294 F. Supp. 3d 548, 569 n.6 (N.D. Tex. 2018) (generally, "[w]hen a plaintiff does not specify whether an official is sued in his official or individual capacity, courts look to the 'course of the proceedings' in a case to determine 'the nature of liability sought to be imposed.'") (quoting *Adrian*, 363 F.3d at 402); *Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a pro se plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted).

4

WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Graham*, 473 U.S. at 165).  Municipalities, including counties, may be held liable under § 1983.  *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008).

A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his constitutional rights.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05–CV–798–A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).  It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however.  *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases).  "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."  *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).

    *1.    Policy*

"Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially constitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to known or obvious consequences that constitutional violations would result. *Piotrowski*, 237 F.3d at 579–80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849–50 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

"The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (finding insufficient an allegation that "[the officer] was acting in compliance with the municipality's customs, practices or procedures") (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted).

Here, Plaintiff alleges that his right to vote was violated because there were no voting provisions for inmates, jail officials did not provide him with an absentee ballot, and they were not aware of the voting procedures for inmates who were eligible to vote. He does not identify a specific policy that was officially adopted and promulgated by the County's lawmaking official, or

any persistent or widespread practice that caused a violation of his constitutional rights.  He has also failed to plead sufficient facts from which it can be inferred that a policy or persistent widespread practice of denying qualified inmates the right to vote exists.

      2.    *Moving Force*

In addition, plaintiffs must adequately plead that the municipal policy or custom was the "moving force" of the constitutional deprivation, which requires a "high threshold of proof." *Piotrowski*, 237 F.3d at 580 (citing *Monell*, 436 U.S. at 694).  "In other words, a plaintiff must show direct causation."  *Peterson*, 588 F.3d at 848 (citing *Piotrowski*, 237 F.3d at 580).  A "plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Valle*, 613 F.3d at 542 (quoting *Brown*, 520 U.S. at 404) (internal quotation marks omitted); *see also Johnson*, 379 F.3d at 310 (quoting *Fraire*, 957 F.2d at 1281) (noting "[t]his connection must be more than a mere 'but for' coupling between cause and effect").  A plaintiff therefore "must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision."  *Valle*, 613 F.3d at 542  (quoting *Brown*, 520 U.S. at 411) (internal quotation marks omitted); *see also Piotrowski*, 237 F.3d at 579 (quoting *Brown*, 520 U.S. at 407) ("[E]ven a facially innocuous policy will support liability if it was promulgated with deliberate indifference to the 'known or obvious consequences' that constitutional violations would result.").  Simple or even heightened negligence is insufficient to meet the deliberate indifference requirement.  *Piotrowski*, 237 F.3d at 579 (citing *Brown*, 520 U.S. at 407).

Here, Plaintiff has also not pleaded sufficient facts to support an inference that any policy or practice resulted in a violation of his constitutional rights.  In Texas, "[a] qualified voter is

7

eligible for early voting by mail if, at the time the voter's early voting ballot application is submitted, the voter is confined in jail." Tex. Election Code § 82.004(a). The eligible voter must submit a written signed application for an early voting ballot by mail to the early voting clerk for the applicant's precinct, although no official application form is required. *Id*. § 84.001.[4] "On request of the applicant, an application for a ballot to be voted by mail on the ground of confinement in jail *may* be submitted to the early voting clerk, *at the discretion of the authority in charge of the jail*, by personal delivery by the jail authority or by a designated subordinate of the authority." *Id*. § 84.009 (*emphasis added*). The early voting clerk shall review each application and provide an official ballot to the applicant if he or she is entitled to vote. *Id*. § 86.001.

Plaintiff has not pleaded that he was in fact eligible to vote in the November 2016 election. He alleges that he obtained voter registration information from the law library in September 2016, but he does not allege that he actually registered and was qualified to vote. Even assuming that Plaintiff was eligible to vote, however, he has not alleged sufficient facts to show that the County could have provided him with the means to vote early by mail. The Texas Election Code sets out the process for qualified voters who are jail to mail their applications for an early voting ballot by mail directly to the early voting clerk for the precinct of residence, although it also provides for jail authorities, at their discretion, to deliver inmate applications to the early voting clerk. Moreover, the early voting clerk makes the determination of whether the voter is eligible to vote early by mail and provides the official ballots, not jail authorities. Finally, if Plaintiff had applied for and received a ballot, he could have mailed it himself. He has not alleged sufficient facts to support an inference

---

[4] If an applicant would like an official application form for an early voting ballot, he may request the early voting clerk to send an application form, and the clerk must do so without charge. *Id*. § 84.012. An application for a ballot by mail based on confinement in jail must include the address of the jail, or of a person related to the applicant within a certain degree. *Id*. § 84.002(a)(4).

that any policy or practice of the County was the moving force in his inability to vote.

## IV.  RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) for failure to state a claim.  Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

**SO RECOMMENDED on this 19th day of August, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[5] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

9